

# The Attorney General of Texas

July 11, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Brad Wright
Chairman
Committee on Public Health
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-518

Re: Authority of hospital owned by a political subdivision to offer discounts to specific groups such as senior citizens, insurance companies, etc.

Dear Representative Wright:

You ask whether hospitals owned by a city, county, or other political subdivision may legally offer discounts on hospital services to specific groups such as senior citizens or insurance companies. You do not ask us to consider proposed discounts offered by a particular hospital board. Instead, you ask the question in general terms, and our answer must necessarily also be generalized. The subject you inquire about has many variables, in that there are different categories of local hospitals, each category governed by a statute with its own provisions for rate-setting. Moreover, statutes on health care of low income persons may also be relevant to hospital rates. Although we cannot answer your question definitively, we can discuss legal issues that are relevant to providing hospital rate discounts for certain defined groups.

The legislature has enacted several provisions authorizing cities and counties to establish hospitals. See, e.g., V.T.C.S. arts. 1015(4) (general law cities); 1175(15), (28) (home rule cities); 4437e (city hospital authority); 4478 (county hospitals); 4494i (joint city and county hospital). Article IX, section 4, of the Texas Constitution empowers the legislature to authorize the creation of county-wide hospital districts, while article IX, section 9, of the constitution authorizes legislation providing for hospital districts composed of one or more counties or parts of a county. Pursuant to these constitutional provisions, the legislature has created a number of hospital districts by special act. See V.T.C.S. art. 4494q. It has also enacted general laws authorizing the creation of hospital districts. V.T.C.S. arts. 4494n (hospital districts in counties of 190,000 or more people and Galveston County); 4494o (public hospital districts in counties of 75,000 or fewer people); 4494p (Optional Hospital District Law of 1957); see also art. 4494r (county hospital authority without taxing power).

As an initial matter, it is necessary to review the statute pertaining to the particular hospital in question to determine whether its governing body has authority to provide discounts for some groups of patients. The relevant statute in some cases may rule out discounts. For example, a 1913 enactment which authorizes the commissioners court of any county to establish a county hospital includes the following provision:

> No discrimination shall be made in the accommodations, care or treatment of any patient because of the fact that the patient or his relatives contribute to the cost of his maintenance, in whole or in part. No patient shall be permitted to pay for his maintenance in such hospital a greater sum than the average per capita cost of maintenance therein, including a reasonable allowance for the interest on the cost of the hospital. . . .

V.T.C.S. art. 4486; Acts 1913, 33rd Leg., ch. 39, §9, at 71, 76.

Hospital districts established pursuant to article IX, section 4, of the Texas Constitution "shall assume full responsibility for providing medical and hospital care to needy inhabitants of the county. . . ." A similar duty is placed upon hospital districts established under article IX, section 9. Article 4494n, V.T.C.S., enacted under the authority of article IX, section 4, includes the following provision on payment for medical care:

> Whenever a patient has been admitted to the facilities of the Hospital District from the county in which the District is situated, the Administrator shall cause inquiry to be made as to his circumstances, and of the relatives of such patient legally liable for his support. If he finds that such patient or said relatives are liable to pay for his care and treatment in whole or in part, an order shall be made directing such patient, or said relatives, to pay to the treasurer of the Hospital District for the support of such patient a specified sum per week, in proportion to their financial ability, but such sum shall not exceed the actual per capita cost of maintenance. The Administrator shall have power and authority to collect such sum from the estate of the patient, or his relatives legally liable for his support, in the manner provided by law for the collection of expenses of the last illness of a deceased person. If the Administrator finds that such patient or said relatives are not able to pay, either in whole or in part, for his care and

> treatment in such hospital, the same shall become a charge upon the Hospital District. . . . (Emphasis added).

V.T.C.S. art. 4494n, §14. The requirement that a patient pay in proportion to his financial ability would rule out discounts based on criteria other than financial ability. Moreover, the charges for the support of a patient may not exceed the actual cost of maintenance; thus, the cost of providing discounts could not be shifted to patients not eligible for discounts. See Attorney General Opinion M-912 (1971) (discounts on laboratory tests performed for patients of a private hospital authorized by section 5 of article 4494n, V.T.C.S.).

Article 4437e, V.T.C.S., which authorizes a city to create a hospital authority without taxing power, leaves the governing board considerable discretion over hospital rates:

> Unless the Hospital is being leased, it shall be operated by the Authority without the intervention of private profit for the use and benefit of the public. If the Hospital is not being used, operated, or acquired by a nonprofit corporation, under the provisions of the Hospital Project Financing Act (Article 4437e-2, Vernon's Texas Civil Statutes) or not leased it shall be the duty of the Board of Directors to charge sufficient rates for services rendered by the Hospital and to utilize other sources of its revenues that revenues will be produced sufficient to pay all expenses in connection with the ownership, operation and upkeep of the Hospital, to pay the interest on the bonds as it becomes due, to create a sinking fund to pay the bonds as they become due, and to create and maintain a bond reserve fund and other funds as provided in the Bond Resolution or Trust Indenture. . . . (Emphasis added).

V.T.C.S. art. 4437e, §14. We believe this provision would allow the governing board of the hospital to provide discounts for particular groups of patients, within the limits stated therein and found in other statutes applicable to the hospital. In considering a different kind of discount, this office determined in Attorney General Opinion M-912 (1971) that a county hospital district established under article 4494n, V.T.C.S., could contract with a privately owned hospital to perform laboratory tests for its patients at a discount. The opinion relied on the provision placing responsibility for management and operation of the hospital in the Board of Hospital Managers,

> whose duties shall be to manage, control and administer the hospital or hospital system of the Hospital District. . . .

V.T.C.S. art. 4494n, §5. Such language, if not limited by other provisions, would authorize discounted hospital rates.

Other statutes, in addition to the statute under which a public hospital is established, are relevant to the hospital's power to offer discounts. Article 4438a, V.T.C.S., for example, prohibits hospital officers, employees, and members of the hospital medical staff from denying emergency services available at the hospital to

> a person diagnosed by a licensed physician as requiring emergency services because the person is unable to establish his ability to pay for the services or because of race, religion or national ancestry. In addition, the person needing the services may not be subjected to arbitrary, capricious, or unreasonable discrimination based on age, sex, physical condition or economic status. (Emphasis added).

V.T.C.S. art. 4438a, §1(a). The above statute prohibits discounts in the provision of emergency services which would arbitrarily, capriciously, or unreasonably discriminate against a person "based on age, sex, physical condition, or economic status." Discounts on emergency services offered to persons over age 65 and to insured persons would have to be evaluated against the quoted requirements.

If a hospital is authorized to provide medical assistance under federal grant programs administered by the Department of Human Resources, the following provision will be relevant to its rate-setting:

> (a) The department shall adopt reasonable rules and standards governing the determination of fees, charges, and rates for medical assistance payments.

> (b) The fee, charge, or rate for a professional service is the usual and customary fee, charge, or rate that prevails in the community.

> (c) The fee, charge, or rate for other medical assistance is the usual and customary fee, charge, or rate that prevails in the community unless the payment is limited by state or federal law.

Hum. Res. Code §32.028; see also Hum. Res. Code §32.027 (recipient of medical assistance may select any provider authorized by department).

Hospitals which receive federal funds for construction under the Hill-Burton Act, (42 U.S.C. §291 et. seq.), are required to provide free or reduced cost services to persons unable to pay for them. 42

U.S.C. §291c(e); see also V.T.C.S. art. 4437d. This provision is thus relevant to charges established by public hospitals which have received Hill-Burton funds, and may indirectly affect the hospital's authority to grant discounts.

Any regulation promulgated by the governing board of a public hospital to provide discounted rates for a particular group must also be consistent with federal and state statutes and constitutional provisions providing for the equal protection of the laws. See U.S. Const. 14th amend; Tex. Const. art. I, §3a; Tex. Civil Practice and Remedies Code §106.001 (formerly V.T.C.S. art. 6252-16).

Other statutes, in addition to those addressed, may be relevant to the efforts of a particular public hospital to provide discounts. The existence and effect of such other provisions would best be addressed in connection with discounts proposed by a particular hospital.

## SUMMARY

Whether a particular public hospital may offer discounts on its services to particular groups must be determined by examining the statute under which the hospital was established and any other provisions of law relevant to its payment policies.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General